UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| GERMAN VASQUEZ, | ) No. CV 08-03378-VBK |
| Plaintiff, | ) MEMORANDUM OPINION |
| v. | ) AND ORDER |
| | ) (Social Security Case) |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

|   |   |   |
|---|---|---|
| 1 |    | considered the treating psychologist's findings; |
| 2 | 2. | Whether the ALJ properly developed the record; |
| 3 | 3. | Whether the ALJ properly considered the type, dosage, effectiveness, and side effects of Plaintiff's medication; |
| 5 | 4. | Whether the ALJ properly rated the severity of Plaintiff's mental impairment; |
| 7 | 5. | Whether the ALJ properly considered the severity of Plaintiff's mental impairment; and |
| 9 | 6. | Whether the ALJ properly considered the mental and physical demands of Plaintiff's past relevant work. |

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that the decision of the Commissioner must be affirmed.

**PROCEDURAL BACKGROUND**

Following this Court's issuance of a Memorandum Opinion and Order pursuant to Sentence Four, filed on November 27, 2006 (AR 218-222), and Judgment (AR 218), the Appeals Council remanded the case for further hearing. (AR 224.) That hearing occurred on June 19, 2007, with supplemental hearings on September 10, 2007 and January 28, 2008. (AR 242-245, 246-251, 252-259.) An unfavorable decision issued (AR 194-201), and Plaintiff commenced the instant litigation.

**I**

**THE ALJ PROPERLY EVALUATED THE TREATING PSYCHOLOGIST'S FINDINGS.**
**FURTHER, THE ALJ WAS UNDER NO DUTY TO DEVELOP THE RECORD**

On the date of the first hearing, June 19, 2007, Plaintiff's

2

1  counsel (the same counsel who represents him in this litigation),
2  submitted a two-page document entitled "Treating Physician's Progress
3  Report" prepared for Plaintiff's worker's compensation attorney and
4  claims administrator. (AR 239-241.)  The document is a report from
5  David J. Lopata, Ph.D., a clinical psychologist.  As the Commissioner
6  correctly asserts, it is the only evidence in the record regarding any
7  mental health treatment.  Moreover, Plaintiff testified he received no
8  treatment of any kind, including for mental health purposes, since
9  2005. (AR 255.)  His disability application was based on a back injury
10 sustained at his work. (AR 38.)  Finally, Plaintiff failed to testify
11 as to any mental impairment.

12      The ALJ nevertheless considered this new information in his
13 decision.  The ALJ accorded little weight to Dr. Lopata's opinion of
14 permanent disability, finding that it was not consistent with the
15 record as a whole, not fully supported by the medical evidence, brief
16 and conclusory, and lacking the required support of longitudinal
17 records based on clinical and diagnostic techniques and findings.  He
18 found that Dr. Lopata had relied primarily on Plaintiff's self-
19 described complaints and not on objective mental status examination
20 findings. (AR 197-198.)  Plaintiff asserts that the ALJ improperly
21 rejected Dr. Lopata's opinion, and argues that the remedy for any
22 perceived absence of diagnostic or treatment records was for the ALJ
23 to have further developed the record; that is, to have sought out such
24 records. (JS at 4.)  Moreover, Plaintiff argues that the ALJ's
25 conclusion that Dr. Lopata relied on subjective symptoms rather than
26 objective testing is unsupported.

27      The Court concludes that the ALJ was under no duty to develop the
28 record, and that Dr. Lopata's conclusions are not supported by any

objective evidence.  It is a fundamental principle in Social Security law that the ALJ need not accept the conclusions and opinions even of a treating physician if they are unsupported by objective evidence. (See Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002)("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings."). See also Johnson v. Shalala, 60 F.3d 1428 (9th Cir. 1995); Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995); Fair v. Bowen, 885 F.2d 597, 605 (9th Cir. 1989). Plaintiff's case presents an archetypal example of this principle. The report relied on by Plaintiff as support for his contention that he has a disabling mental condition is conclusory.  Indeed, the report was written in October 2006, reflecting a previous date of service of May 2006, fully five months previous to the writing of the report.  In it, Dr. Lopata said that, "Since [Plaintiff] appeared to have reached a level of emotional stability which would allow for a permanent and stationary report, I recommend that we pursue this goal at the time of our next session ...  Unfortunately, he has not returned for additional contacts and thus the permanent and stationary report has not been complete." (AR 240.)

Plaintiff's second issue is related to his first.  He argues that since Dr. Lopata had noted in the aforementioned report that he had seen Plaintiff for eleven therapy sessions, the ALJ was under a duty to develop the record by obtaining these records which "would clearly provide the longitudinal evidence based on clinical and diagnostic techniques that the ALJ felt was missing, ..." (JS at 9.)  But it is Plaintiff's burden to prove his disability.  The Court understands that the law requires that the ALJ discharge a duty to develop the

record in appropriate circumstances, even where a claimant is represented by counsel. Here, the circumstances would seem to indicate that Plaintiff's counsel is pushing the outer limits of such a principle, because it was Plaintiff's counsel who submitted Dr. Lopata's two-page report to the ALJ on the date of the second hearing following the remand. On June 19, 2007, the first hearing occurred at which time, due to an administrative error, Plaintiff's counsel did not appear. (AR 244.) The matter was rescheduled for September 10, 2007, at which time Plaintiff appeared with counsel. On that same date, Plaintiff's counsel faxed Dr. Lopata's report to the ALJ. (AR 239.) Further, according to the record, Plaintiff's counsel made his appearance as Plaintiff's representative on June 6, 2005, well over two years before counsel submitted Dr. Lopata's report to the ALJ. Considering this chronology, it is a stretch to postulate that the ALJ had a duty to develop the record, when Plaintiff's counsel, on the date of the hearing following remand, produced a scant report purportedly documenting Plaintiff's mental health condition, although such a condition had never been relevant to the proceedings prior to that date. In any event, the ALJ was under no duty to develop the record. The existence of additional records is speculative. Indeed, even two years after the submission of Dr. Lopata's report, Plaintiff's counsel makes no mention that any records are actually available which would supply the needed objective evidence to substantiate Dr. Lopata's opinion. Even in cases where a claimant is unrepresented, and the ALJ has a heightened duty to develop the record (see Thompson v. Sullivan, 933 F.2d 581, 585 (7th Cir. 1991), some prejudice must shown before error will be found. (Id.) As the Ninth Circuit observed, in a case in which a claimant's counsel failed to

supply necessary documentation, and later alleged that the ALJ failed to develop the record, "There is no reason that the ALJ could have succeeded where counsel failed." (See Duenas v. Shalala, 34 F.3d 719, 721 (9th Cir. 1994).

For the foregoing reasons, the Court finds that the ALJ did not fail in any duty to develop the record with regard to mental health evidence.

## II

### THE ALJ DID NOT FAIL TO PROPERLY CONSIDER
### SIDE EFFECTS OF PLAINTIFF'S MEDICATION

In Plaintiff's third issue, he notes that Dr. Lopata mentioned in his brief report that when Plaintiff was last seen in May of 2006, "he was complaining of falling asleep in the morning and was asking if he would be able to break up the dosage of Klonopin which he felt was causing the sleepiness." (AR 240.)

Initially, it should be noted that Dr. Lopata's report does nothing more than to set forth Plaintiff's own description and diagnosis with regard to the cause of his sleepiness. Dr. Lopata does not attribute Plaintiff's sleepiness to medication. In fact, in the next paragraph of his report, Dr. Lopata appears to favorably characterize Plaintiff's medication regimen, stating,

> "[Plaintiff] had been seen for 11 therapy sessions and was speaking with some insight and determination which in combination with his medicational [sic] regimen would appear to offer him some degree of emotional stability at least in the near future."

(AR 240.)

6

1    Dr. Lopata did not recommend any adjustment of medications. The
2 question, then, is whether there was some need for the ALJ to address
3 Plaintiff's own belief that he was sleepy because of his dosage of
4 Klonopin. Plaintiff's argument runs afoul of the oft-stated
5 requirement that such side effects must be medically documented. What
6 is referenced as a "passing mention" of side effects has been found to
7 be insufficient to merit further discussion. See <u>Osenbrock v. Apfel</u>,
8 240 F.3d 1157, 1164 (9th Cir. 2001).

## III

**THE ALJ PROPERLY ANALYZED THE ISSUE OF PLAINTIFF'S MENTAL IMPAIRMENT**

   Plaintiff raises the question of the assessment of his mental impairment in Issues 4 and 5, which appear to be identical. Plaintiff again references Dr. Lopata's brief report (JS at 14, <u>et seq</u>., citing AR 240) and argues that based on this report, the ALJ was under an obligation to make a full-scale evaluation of Plaintiff's mental impairment. Plaintiff's argument fails, because the ALJ properly assessed that Plaintiff does not have a severe mental impairment. In the absence of a severe mental impairment, the ALJ was under no duty to perform any further analysis of this issue. Plaintiff appears to specifically challenge the lack of a finding of a severe mental impairment in his fifth issue. The Court has already addressed the adequacy of the ALJ's determination concerning the lack of existence of a severe mental impairment, and no further discussion of this point is necessary.

//
//
//

**IV**

**THE ALJ PROPERLY CONSIDERED THE MENTAL AND PHYSICAL DEMANDS**

**OF PLAINTIFF'S PAST RELEVANT WORK**

In his decision, the ALJ found that Plaintiff is capable of performing his past relevant work as a cook's assistant, driver or mechanic. (AR 200.) Plaintiff asserts that the ALJ failed to discuss any of the mental and physical demands of these occupations, and thus, argues that the ALJ ran afoul of Social Security Regulation 82-62 which requires adequate documentation of the work demands of an occupation. (JS at 19, et seq.)

Plaintiff's argument fails for a number of reasons. First, he does not challenge the ALJ's finding that he is capable of performing the full range of medium work. (AR 198.) Further, the ALJ described the occupation of cook's assistant, driver and mechanic as involving skilled or semi-skilled work at the light and medium exertion levels. (AR 200.) The ALJ cited the Dictionary of Occupational Titles ("DOT") in describing the exertional requirements of these tasks. (Id.) The ALJ is permitted to take judicial notice of the DOT. (See 20 C.F.R. §404.1566(e)(2008.)

The Court finds no error with regard to the ALJ's identification of occupations within Plaintiff's residual functional capacity.

The decision of the ALJ will be affirmed. The Complaint will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: April 13, 2009                    /s/
                                         VICTOR B. KENTON
                                         UNITED STATES MAGISTRATE JUDGE